UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Warren L. Pearson, | ) | C/A No. 4:08-3138-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| South Carolina Department of Corrections; | ) | |
| Warden McKee; Warden R. Bazzle, and | ) | |
| Asst. Warden Clayton, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a former state inmate proceeding *pro se*, seeks an award of damages from the defendants on the basis of his classification while in custody and alleged harassment by other inmates due to the classification. Plaintiff filed his complaint on September 15, 2008.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the Court with the Report and Recommendation of United States Magistrate Thomas E. Rogers, III, filed October 9, 2008. Based on his review of the record, the Magistrate Judge concluded that the case be dismissed *without prejudice* and without issuance and service of process on the basis that the plaintiff does not have a viable constitutional claim for damages relating to his classification while in custody. He also recommends that SCDC be dismissed on the basis of Eleventh Amendment immunity.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made.

1

The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review). Without specific objection to the Magistrate Judge's reasoning , it is not necessary for this court to discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C.§636(b)(1)(C) (If a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added).

Plaintiff filed "objections" on October 22, 2008. His objections are centered on the second footnote of the Report and Recommendation, which refers to the three-year statute of limitations for personal injury claims. Plaintiff refers to an alleged stabbing by a fellow inmate that occurred in 1999 and contends that he was "legally and administratively dead" while in prison and that "the court can't possibly argue that a personal injuried person can file while being injured." ((Docket #10, pp.1-3).

The Court finds that these filings by the petitioner do not constitute proper objections to the Report and Recommendation. His documents  fail to adequately direct the court's attention to a specific error in the Magistrate Judge's Report and Recommendation. Therefore, this Court is of the

2

opinion that the plaintiff's filing does not satisfy the specificity requirement of Rule 72(b) of the Federal Rules of Civil Procedure.[1]

To the extent this document is viewed as objections to the Report and Recommendation, the Court overrules those objections. The Court has reviewed numerous filings by prisoners regarding prison conditions that were timely filed while the prisoner was confined.

After carefully reviewing the Report, documents filed by the plaintiff, pleadings, and applicable law, the Court adopts the Report and Recommendation of the Magistrate Judge, incorporates it herein, and overrules all objections. Therefore, the complaint is **DISMISSED** *without prejudice* and without issuance or service of process.

**IT IS SO ORDERED.**

November 18, 2008                                   s/R. Bryan Harwell
                                                    R. Bryan Harwell
                                                    United States District Judge

---

[1]Rule 72(b) states:

> Within ten days after being served with a copy of the recommended disposition, a party may serve and file **specific, written objections to the proposed findings and recommendations**. . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of **any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.**

Fed. R. Civ. P. 72(b) (emphasis added).